UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| EDWARD L. EVERHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:02-CV-639 |
| | ) | (JARVIS/SHIRLEY) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion to remand pursuant to sentence six or sentence four of 42 U.S.C. § 405(g) [Doc. 21], and the defendant's motion for summary judgment. [Doc. 30]. The plaintiff, Edward L. Everhart, seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Commissioner.

The ALJ made the following findings:

    1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits, as set forth in Section 216(i) of the Social Security Act and is insured for benefits through December 31, 2001.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(b). These include: obesity, status post carpal tunnel release, lumbar radiculopathy, degenerative disk disease of the cervical spine, status post arthroscopy and partial medial meniscectomy of the left knee, lumbar spurring, arthritis in the left knee, large left paracentral disk herniation at L5-S1.

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. § 404.1527).

7. The claimant has the following residual functional capacity to perform sedentary work, lifting ten pounds, sitting for up to six hours in an eight-hour day, standing and/or walking for two hours in an eight-hour day; with a sit/stand option; frequently climbing, balancing, stooping, and crouching; occasionally kneeling and crawling.

8. The claimant is unable to perform any of his past relevant work (20 C.F.R. § 404.1545).

9. The claimant is a younger individual (20 C.F.R. § 404.1563).

10. The claimant has a "high school education" (20 C.F.R. § 404.1564).

11. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. § 404.1568).

12. The claimant has the residual functional capacity to perform a significant range of sedentary work.

13. Although the claimant's exertional limitations do not allow his [sic: him] to perform the full range of sedentary work, using Medical-Vocational Rule 201.28 as a framework for decisionmaking, there are a significant number of jobs in the national economy which he could perform.

14. The claimant reached age 50 on September 13, 2001. As of that date, he is considered to be an individual closely approaching advanced age.

15. Based on an exertional capacity for sedentary work and the claimant's age, education, and work experience, section 404.1569 of Regulations No. 4 and Rule 201.14, Table No. 1 of Appendix 2, Subpart P, Regulations No. 4 direct a conclusion of "disabled."

16. The claimant was under a "disability," as defined in the Social Security Act, as of September 13, 2001 (20 C.F.R. § 404.1520(f)).

(Tr. 246-47).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health

3

and Human Services, 823 F.2d 918, 920 (6th Cir.1987); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir.1986).  It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently.  See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (held that in a close case, unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Plaintiff alleges that he became disabled on May 9, 1996, due to numbness in the leg, back pain, neck pain, and numbness in the arms and hands.  (Tr. 240-41).  However, the ALJ found that the plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, lifting 10 pounds, sitting for up to 6 hours in an 8-hour day; standing and/or walking for 2 hours in an 8-hour day with a sit/stand option; frequently climbing, balancing, stooping, and crouching; and occasionally kneeling and crawling. (Tr. 245).   Because the ALJ found that plaintiff was disabled as of his 50th birthday, the relevant time period is from plaintiff's disability onset date, May 9, 1996, until his 50th birthday.

The plaintiff asks this court to remand this case for a hearing pursuant to sentence six based on this Court's remand order dated April 18, 2003, arguing that the Commissioner did not comply with the Court's order. [Doc. 10]. In April 2003, the Commissioner was unable to

4

locate plaintiff's claim file and hearing tape, and thus, requested a remand to search for them. [Doc. 9]. In the parties' joint motion for remand, the parties stated that, if the claim file could not be located within 90 days from the date of the Court order, the case would be assigned to an ALJ who would reconstruct the administrative record, hold a <u>de novo</u> hearing, and issue a new decision.

While the Commissioner admits that there was a significant delay between the April 2003 remand order and the preparation of the transcript, she notes that the file was eventually located and a transcript was prepared, thereby rendering the Court's remand order moot. The Commissioner contends that plaintiff's request for another hearing–his third–is not appropriate because another hearing would only delay the proceedings further and because the plaintiff has already provided testimony regarding his abilities, limitations, symptoms, and complaints during the relevant time period.

Based upon the foregoing, I agree with the Commissioner that a sentence six remand is not appropriate. The April 2003 remand order pertained to locating the file, and although the location of the file caused a significant delay, the file is now before this Court. To remand this case for a **third** hearing would be putting form over substance, as the file already includes plaintiff's testimony and medical records covering the relevant time period. Therefore, I find that a sentence six remand is not warranted.

Next, plaintiff argues that the ALJ erred in the weight he assigned the opinions of Dr. Kesterson, that he erred in failing to obtain a second consultative examination from Dr. Uzzle, and that he erred in his analysis of plaintiff's subjective complaints.

5

Plaintiff asserts that the ALJ erred in the weight he assigned the opinions of Dr. Kesterson, arguing that the ALJ erred by not accepting Dr. Kesterson's opinion that plaintiff was unable to sustain gainful employment. In August 1996, Dr. Kesterson found that while plaintiff was able to work at times without pain, there were times that he needed to lie flat on his back to relieve his back pain, so he needed a job with flexibility to rest whenever needed (Tr. 203); in September 1996, he stated that plaintiff "may be able to work in the office with certain specific limitations and occasional rest periods" but could no longer work in an industrial setting requiring lifting and physical labor (Tr. 199); and in December 1996, he noted that plaintiff was "unable to work." (Tr. 194).

The Commissioner asserts that some of the disability opinions issued by Dr. Kesterson did not preclude sedentary work, which the ALJ found plaintiff could perform, and his remaining statements were not supported by the record. (Tr. 243-45). First, the Commissioner points out that the ultimate decision regarding disability is reserved for the ALJ. The Commissioner insists that although Dr. Kesterson opined that plaintiff was unable to return to his past work, which was light and medium, he noted that plaintiff was only moderately limited in his functional ability and remained physically capable of performing sedentary work. (Tr. 190, 196). Moreover, the Commissioner asserts that this conclusion is supported by Dr. Kesterson's June 1997 statement that plaintiff was unable to return to his past work, and she insists that the ALJ agreed with this assessment by finding that plaintiff could not return to his past work. (Tr. 247, Finding Number 8). Also, the Commissioner points out that Dr. Kesterson left the question blank when he was asked if plaintiff was disabled "for any occupation" (Tr. 215) and notes that

6

the ALJ rejected Dr. Kesterson's July 1997 opinion that plaintiff could lift up to 25 pounds occasionally but only sit/stand/walk for only 1 hour each as inconsistent on its face. (Tr. 188, 243).

The Commissioner insists that the ALJ reasonably relied on the other physicians of record–Dr. Uzzle (Tr. 227-36), Dr. Summers (Tr. 317-20), and Dr. Dube (Tr. 334-40), who performed consultative examinations. The Commissioner concedes that these physicians issued restrictions that would preclude plaintiff's return to his past work but insisted that all of them issued opinions that were consistent with sedentary work. Therefore, the Commissioner insists that the ALJ reasonably rejected the inconsistencies and unsupportable parts of Dr. Kesterson's opinions and relied instead on the opinions of other physicians in the record.

As the Commissioner points out, Dr. Kesterson's opinion as to whether plaintiff was disabled is a question reserved for the Commissioner. See 20 C.F.R. § 404.1527(e)(1). Furthermore, I agree with the Commissioner that the ALJ's finding that plaintiff could not return to his past work is consistent with Dr. Kesterson's opinion and that the ALJ reasonably relied on the opinions of consultative examiners Drs. Uzzle, Summers, and Dube to find that plaintiff could perform sedentary work. Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420, 1428 (1971) (A written report of a consultant physician who has examined the claimant can constitute substantial evidence.).

Plaintiff also contends that the ALJ erred by not obtaining a second consultative examination by Dr. Uzzle. Plaintiff notes that in August 2001 the Appeals Council remanded this case, stating that the ALJ would need to re-evaluate the evidence, especially the report from

7

Dr. Uzzle. (Tr. 268-69). At the administrative hearing in February 2002, plaintiff's attorney requested that the ALJ contact Dr. Uzzle or send plaintiff back to Dr. Uzzle, and the ALJ agreed to send plaintiff to Dr. Uzzle for a new consultation. (Tr. 345). However, after the hearing, the ALJ sent plaintiff not to Dr. Uzzle, but to Dr. Dube for another consultative examination. (Tr. 334-40). The Commissioner maintains that the ALJ complied with the spirit of the remand and even with his promise to send plaintiff for another consultative examination, the third such examination obtained by the Agency.

I agree with the Commissioner that the ALJ complied with the spirit of the remand order by obtaining a third consultative examination, albeit not from Dr. Uzzle. As the Commissioner points out, the ALJ reasonably relied not only on the consultative examination of Dr. Uzzle, but also Drs. Summers and Dube to find that plaintiff retained the ability to perform at least sedentary work before his 50th birthday. Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 247 (6th Cir. 1987) (ALJ's function is to determine what medical restrictions a plaintiff is under and how they affect his RFC.). Therefore, any error is harmless.

Lastly, plaintiff asserts that the ALJ erred in his analysis of plaintiff's subjective complaints, arguing that the medical evidence supports the existence of an impairment that could produce the pain he alleges. Plaintiff argues that the ALJ mischaracterized his activities, noting that he has to take breaks and lie down when performing certain activities. The Commissioner maintains that the ALJ did not use plaintiff's daily activities to establish his RFC, but to question his credibility, noting that the ALJ found that plaintiff's activities were more than would be expected from an individual as disabled as plaintiff claimed to be. (Tr. 244).

8

The ALJ noted that plaintiff cooks, dusts, cares for his personal needs, drives on a daily basis, attends meetings for the Masons and Shriners, tends his garden, cares for his pool, and mows his lawn using a riding mower. (Tr. 244, 355-62). Based upon the foregoing, I find no error with the ALJ's characterization of plaintiff's activities in making his credibility determination. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987) (An ALJ's credibility finding is entitled to considerable deference); Villarreal v. Secretary of Health and Human Services, 818 F.2d 461, 464 (6th Cir. 1987) ("Determination of disability from pain is peculiarity within the province of the ALJ.").

Based upon the foregoing, it is hereby **RECOMMENDED**[1] that the plaintiff's motion to remand [Doc. 21] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 30] be **GRANTED**.

Respectfully submitted,

   s/C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).